IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

MISSOULA DIVISION

| | | |
|---|---|---|
| EVANS & VERTIN, LLC, | ) | CV 10-123-M-DWM |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| CANYON HOLDINGS, LLC, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

This declaratory relief and breach of contract action comes before the Court on Defendant Canyon Holdings, LLC's ("Canyon's") Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction. On October 22, 2010, Plaintiff Evans & Vertin, LLC ("E&V") brought this action to resolve a dispute involving the construction of a funeral home adjacent to property owned by Canyon. E&V

1

alleges the Court has subject matter jurisdiction over this dispute because the parties are citizens of different states and the amount in controversy exceeds $75,000.00. Canyon facially challenges E&V's allegations that the parties are from different states. In relevant part, the Complaint alleges:

> Plaintiff E&V is a Montana Limited Liability Company with its principal place of business in Missoula, Montana. E&V's members are residents of Minnesota and Montana. . . . Defendant Canyon is a Delaware Limited Liability Company. Canyon has previously taken the position before this Court that its member is a resident of the State of Washington.

Compl. ¶¶ 4, 5. Canyon faults the Complaint for not identifying the members of E&V and not providing the necessary facts to determine each member's citizenship. Without such allegations, it is unclear if the Court has diversity jurisdiction over this action. See Johnson v. Columbia Properties Anchorage, LP., 437 F.3d 894, 899 (9th Cir. 2006) ("We . . . hold that, like a partnership, an LLC is a citizen of every state of which its owners/members are citizens."). In response, E&V provides a declaration detailing the citizenship of the various entitites, trusts, or individuals with ownership interests in E&V. It also offers to file an amended complaint if necessary.[1]

---

[1] Before responding, E&V contacted the other side. It requested Canyon withdraw the motion in light of the fact that E&V could file an amended complaint to address the raised issues. (See dkt #9 at 10.) That would have been a wise move that reaches the same result–E&V filing an amended complaint–without wasting the parties' and the Court's time.

E&V's allegations of jurisdiction are inadequate.  While the Complaint alleges the members of the limited liability company are residents of Minnesota and Montana, that is not enough for the Court to determine each member's citizenship.  See Lew v. Moss, 797 F.2d 747, 749-50 (9th Cir. 1986) (noting residence is only a factor to consider when determining citizenship for diversity purposes).  This infirmity is highlighted by E&V filing a declaration to address the deficiency.  The motion to dismiss shall be granted, but it is not clear that this defect cannot be corrected.  As such, the Court will grant E&V leave to amend the defective pleading.  Leaf v. Supreme Court of State of Wis., 979 F.2d 589, 595 (7th Cir. 1992) (noting courts should provide leave to amend defective allegations of jurisdiction unless it is clear that amendment would be futile); see also Snell v. Cleveland, Inc., 316 F.3d 822, 828 (9th Cir. 2002).

In reply, Canyon shifts gears and factually challenges perceived deficiencies in E&V's declaration.  Canyon argues the declaration does not provide enough detail as to the citizenship of one of the trustees.[2]  The argument is not fully developed at this time.  E&V has yet to correct its deficient pleading, let alone had

---

[2]It appears that the trustee in question is a citizen of both the United States and Canada, and permanently resides in Canada.  Vertin Decl. ¶¶ 2-3, Dec. 6, 2010 (dkt #10-1).  This might mean jurisdiction is lacking.  See Swiger v. Allegheny Energy, Inc., 540 F.3d 179, 182-85 (3rd Cir. 2008); Herrick Co., Inc. v. SCS Commc'ns, Inc., 251 F.3d 315, 322 (2nd Cir. 2001).

3

an opportunity to brief the legal issues embedded in Canyon's newfound argument. If E&V files an amended complaint and after reviewing it Canyon finds grounds to mount a substantive subject matter jurisdiction challenge, Canyon may do so at that time.

Accordingly, IT IS HEREBY ORDERED that Canyon Holdings, LLC's Rule 12(b)(1) Motion to Dismiss is GRANTED.

IT IS FURTHER ORDERED that Evans & Vertin, LLC may file an amended complaint within TWENTY-ONE (21) DAYS of the date of this Order. Failure to do so will result in dismissal of the action.

Dated this 5th day of January, 2011

_____
DONALD W. MOLLOY, DISTRICT JUDGE
UNITED STATES DISTRICT COURT